OPINION
{¶ 1} On August 29, 2005, appellant, Christopher Bristow, filed a complaint against appellee, Randy O'Dell, for personal injuries he received in an automobile accident on August 31, 2003 caused by the negligence of appellee. Appellee failed to answer or otherwise appear.
 {¶ 2} On October 18, 2005, appellant filed a motion for default judgment, requesting damages in the amount of $25,500. By judgment entry filed October 21, 2005, the trial court granted said motion.
 {¶ 3} On November 9, 2005, appellee filed a motion to set aside the default judgment. By judgment entry filed December 21, 2005, the trial court granted the motion and vacated the October 21, 2005 judgment entry.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE COURT OF COMMON PLEAS ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN SETTING ASIDE THE DEFAULT JUDGMENT AWARDED IN FAVOR OF PLAINTIFF."
 I {¶ 6} Appellant claims the trial court erred in granting appellee's Civ.R. 60(B) motion to set aside the default judgment. We agree in part.
 {¶ 7} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. Griffey v. Rajan
(1987), 33 Ohio St.3d 75. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. In GTE Automatic Electric Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus, the Supreme Court of Ohio held the following:
 {¶ 8} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 9} In its judgment entry of December 21, 2005, the trial court set aside the default judgment pursuant to Colley v.Bazell (1980), 64 Ohio St.2d 243, paragraph two of the syllabus, which states the following:
 {¶ 10} "Where a defendant, upon being served with summons in a cause of action based on a claim for which he has liability insurance, relies upon his carrier to defend the lawsuit, his failure to file an answer or to determine independently that his carrier has failed to file timely an answer which leads to the taking of a default judgment, may constitute `excusable neglect,' depending on the facts and circumstances of the case, so as to justify relief from the default judgment pursuant to Civ.R. 60(B)."
 {¶ 11} No hearing was held on the motion. The standard for when an evidentiary hearing on a Civ.R. 60(B) motion is necessary is set forth in Cogswell v. Cardio Clinic of Stark County, Inc.
(October 21, 1991), Stark App. No. CA-8553. In Cogswell, this court held under Civ.R. 60(B), a hearing is not required unless issues supported by evidentiary quality affidavits exist. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment.Cogswell; BancOhio National Bank v. Schiesswohl (1988),51 Ohio App.3d 130.
 {¶ 12} In his motion to set aside the default judgment, appellee did not present any evidentiary quality materials to establish excusable neglect or meritorious defense or claim. Likewise, when appellant filed his motion for default, he did not file any evidentiary quality materials on the issue of damages. Although the trial court indicates in its October 21, 2005 judgment entry that it "read the papers and files herein" in rendering the award for $25,500, the file is devoid of any materials to support the damage award sans the bare allegations of the complaint.
 {¶ 13} Civ.R. 55 governs default. Subsection (A) states in pertinent part:
 {¶ 14} "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 15} Loc.R. 10.03 of the Court of Common Pleas of Stark County, General Division, states the following:
 {¶ 16} "Within fourteen (14) days after service, each party opposing the motion shall serve and file a brief written statement of reasons in opposition to the motion and a list of citations of the authorities on which the party relies. If the motion requires the consideration of facts not appearing of record, the party shall also serve and file copies of all affidavits, depositions, photographs or documentation evidence which the party desires to submit in opposition to the motion."
 {¶ 17} From the status of the record sub judice, we find the trial court erred in granting appellee's motion to vacate as it was not granted pursuant to Civ.R 60(B) and GTE Automatic. The trial court's default judgment entry is reinstated as to liability however, the matter must be remanded for a hearing on damages. At such a hearing, appellee "may participate but cannot defend given the fact they failed to defend in the lawsuit."Castle Hill Holdings VII, LLC. v. Midland Food Services II,LLC., Tuscarawas App. No. 2001AP010003, 2001-Ohio-1421.
 {¶ 18} The sole assignment of error is granted in part.
 {¶ 19} The judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. The default judgment entry is reinstated as to liability only, and the matter is remanded for a hearing on damages.
By Farmer, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed in part and reversed in part. The default judgment entry is reinstated as to liability only, and the matter is remanded to said court for a hearing on damages.