OPINION *Page 2 
{¶ 1} Defendant-Appellant/Cross-Appellee, Progressive Insurance Company, appeals the July 10, 2007 judgment of the Holmes County Court of Common Pleas to deny its motion for relief from judgment and award Plaintiff-Appellee/Cross-Appellant, Robert D. Turner, damages pursuant to his personal automobile liability policy.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Robert D. Turner ("Turner") is an employee of Allied Systems and an owner/operator of a semi truck. On March 20, 2005, Turner was transporting a load of vehicles from Flint, Michigan to Long Beach, California. He was traveling in the westbound lane of Interstate 44 in Tulsa, Oklahoma when he was involved in a traffic collision. The tortfeasor was traveling in the eastbound lane and crossed the median of the highway, striking Turner's semi truck. As a result of the accident, Turner suffered physical injuries and his semi truck was irreparably damaged.
 {¶ 3} Turner submitted a claim against the tortfeasor's insurance company. At the time of the accident, Turner was a named insured under a personal automobile liability policy issued by Progressive Insurance Company ("Progressive"). The policy contained bodily injury, property damage and uninsured/underinsured motorists coverage. Turner filed a claim for the property damage to his semi truck and a claim for underinsured motorists coverage. The tortfeasor's insurance carrier settled Turner's claim for the policy limit of $25,000 per person.
 {¶ 4} On March 5, 2007, Progressive approved the settlement with the tortfeasor's insurance carrier. Progressive also advised Turner that it determined the $25,000 settlement was an adequate amount for Turner's claims for bodily injury. As *Page 3 
such, Progressive determined that Turner's injuries did not warrant an underinsured motorists claim and Progressive would not be recognizing one at that time.
 {¶ 5} Turner filed a complaint against Progressive with the Holmes County Court of Common Pleas on March 15, 2007, alleging breach of contract and bad faith for its denial of UIM coverage. The docket shows the Clerk of Courts served Progressive with the summons and a copy of the complaint on March 19, 2007.
 {¶ 6} Turner filed a Motion for Default Judgment on April 18, 2007. The trial court granted Turner's Motion for Default Judgment on April 19, 2007 and set the matter for a damages hearing. Progressive filed a Motion for Leave to File Answer Instanter on April 26, 2007. In its motion, Progressive argued that it had forwarded an Answer, Notice of Interrogatories and Request for Production of Documents to the Clerk of Courts and Turner on April 12, 2007. The trial court denied the Motion for Leave to File Answer Instanter, stating that appropriate relief may be granted only pursuant to Civ. R. 60(B). (Judgment Entry, April 20, 2007).
 {¶ 7} Progressive filed a Motion for Relief from Judgment pursuant to Civ. R. 60(B) on May 2, 2007. In its motion, Progressive argued that its answer was not filed with the court due to excusable neglect. Progressive did not attach any evidentiary quality materials to its motion. The trial court set the matter for a hearing on Progressive's Motion for Relief from Judgment and a Damages Hearing on May 31, 2007. At the hearing held on May 31, 2007, Progressive reiterated the arguments made in its brief regarding excusable neglect and did not present any evidence in support of its Motion for Relief from Judgment. On the issue of damages, Turner was the only witness to testify on his behalf. *Page 4 
 {¶ 8} The trial court issued its judgment on July 10, 2007. It denied Progressive's Motion for Relief from Judgment, finding Progressive failed to establish excusable neglect in its failure to file a timely answer. The trial court awarded Turner damages in the amount of $16,040.00 for past pain and mental anguish; $11,418.16 for past medical expenses; $50,888.20 for past lost income; and $2,790.00 for future medical expenses. The trial court offset the award by the $25,000.00 Turner received in settlement with the tortfeasor, resulting in an award to Turner and against Progressive in the amount of $58,226.36. The trial court declined to award damages to Turner for permanency, past loss of the ability to perform everyday activities and to enjoy life, for future pain and mental anguish, for future loss of ability to perform everyday activities and to enjoy life, and for bad faith.
 {¶ 9} It is from this judgment both Progressive and Turner now appeal.
 {¶ 10} Progressive raises two Assignments of Error:
 {¶ 11} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT-APPELLANT'S MOTION FOR RELIEF FROM DEFAULT JUDGMENT.
 {¶ 12} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN AWARDING DAMAGES TO PLAINTIFF-APPELLEE BASED UPON INADEQUATE AND INADMISSIBLE EVIDENCE."
 {¶ 13} Turner raises two Assignments of Error:
 {¶ 14} "I. THE TRIAL COURT COMMITTED ERROR IN FAILING TO AWARD PLAINTIFF DAMAGES FOR PERMANENCY; FOR PAST LOSS OF THE ABILITY TO PERFORM EVERYDAY ACTIVITIES AND TO ENJOY LIFE; FOR FUTURE PAIN AND *Page 5 
MENTAL ANGUISH; AND FOR FUTURE LOSS OF ABILITY TO PERFORM EVERYDAY ACTIVITIES AND TO ENJOY LIFE, AS THERE WAS UNCONTROVERTED EVIDENCE THAT PLAINTIFF SUSTAINED SUCH DAMAGES AS A RESULT OF THE AUTOMOBILE COLLISION.
 {¶ 15} "II. THE TRIAL COURT COMMITTED ERROR IN NOT HOLDING DEFENDANT ACTED [SIC] IN BAD-FAITH WHEN DEFENDANT REFUSED TO RECOGNIZE PLAINTIFF'S UNDERINSURED MOTORIST CLAIM AND DID NOT MAKE AN OFFER IN BREACH OF THE PARTIES UNDERINSURED MOTORIST POLICY."
 I. {¶ 16} Progressive argues in its first Assignment of Error that the trial court erred when it denied its Motion for Relief from Judgment. We disagree.
 {¶ 17} A motion for relief from judgment under Civ. R. 60(B) lies within the trial court's sound discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 514 N.E.2d 1122. In order to find abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 18} Civ. R. 60(B) states in pertinent part,
 {¶ 19} On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), *Page 6 
misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered to taken. * * *."
 {¶ 20} A party seeking relief from judgment pursuant to Civ .R. 60(B) must show: "(1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ. R. 60(B)(1)-(5); and (3) the motion must be timely filed." GTEAutomatic Electric, Inc. v. ARC Industries, Inc . (1976),47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20, 520 N.E.2d 564; Argo Plastic Prod. Co. v. Cleveland (1984),15 Ohio St.3d 389, 391, 474 N.E.2d 328.
 {¶ 21} Progressive argued in its motion that it was entitled to relief from judgment pursuant to Civ. R. 60(B)(1). It stated in its motion that its failure to file a timely answer to Turner's complaint was due to mistake, inadvertence or excusable neglect. Progressive stated that it had forwarded its answer, with Notice of Interrogatories and Request for Production of Documents attached, to the Clerk of Courts and Turner's counsel on April 12, 2007. It did not attach any evidentiary materials to its motion nor did it raise the issue of its meritorious defenses in its motion. *Page 7 
 {¶ 22} Based upon Progressive's motion for relief from judgment, the trial court set the matter for a hearing. The standard for when an evidentiary hearing on a Civ. R. 60(B) motion is necessary is set forth in Cogswell v. Cardio Clinic of Stark County, Inc. (Oct. 21, 1991), 5th Dist. No. CA-8553. In Cogswell, this court held under Civ. R. 60(B), a hearing is not required unless issues supported by evidentiary quality exist. A trial court must hold an evidentiary hearing when the motion and supporting evidence contain sufficient allegations of operative facts, which would support a meritorious defense to the judgment. Id.; Bristow v. O'Dell, 5th
Dist. No. 2006CA00022, 2006-Ohio-2425, ¶ 11.
 {¶ 23} Upon review of Progressive's motion for relief from judgment, we find Progressive did not present any evidentiary quality materials to establish excusable neglect for its failure to file a timely answer to Turner's complaint. With this motion before the trial court, it was not necessary for the trial court to conduct an evidentiary hearing under the requirements of Cogswell. But the trial court did conduct an evidentiary hearing, and the record shows Progressive did not at that time present evidence to the trial court to meet its requirements under Civ. R. 60(B) and GTE Automatic for relief from judgment. The failure to establish any one of GTE Automatic requirements will cause the motion to be overruled. We find the trial court did not abuse its discretion when it denied Progressive's motion for relief from judgment.
 {¶ 24} Progressive's first Assignment of Error is overruled.
 II. / Cross-Appeal I. {¶ 25} Progressive and Turner both argue the trial court erred in its determination of damages in Progressive's second Assignment of Error and Turner's first Assignment *Page 8 
of Error. Because the Assignments of Error raise similar issues, we will address them simultaneously.
 {¶ 26} After the conclusion of the hearing on Progressive's motion for relief from judgment, the trial court proceeded to conduct a damages hearing on Turner's default judgment. In Turner's complaint, Turner alleged breach of contract and bad faith against Progressive pursuant to Progressive's denial of Turner's claim for UIM coverage under Turner's personal automobile liability policy. Progressive failed to answer and/or challenge the averments contained in Turner's complaint. Averments in a pleading to which a responsive pleading is required are admitted when not denied pursuant to Civ. R. 8(D). Doepker v. WilloSecurity, Inc., 5th Dist. No. 2007CA00184,2008-Ohio-2008, ¶ 44. Progressive, in failing to answer the complaint, was deemed to have admitted its breach of contract and bad faith. Pursuant to Civ. R. 8(D), Turner was required to prove his damages at the hearing. Id. at ¶ 46.
 {¶ 27} At the hearing, Turner was the only witness to testify on his behalf. He testified as to his injuries, medical expenses, future medical expenses and lost income. He submitted exhibits of his medical records, medical bills, doctor's report as to his future medical treatment, income calculations and damages calculations to the trial court in support of his testimony. The trial court awarded Turner damages in the amount of $16,040.00 for past pain and suffering; $11,418.16 for past medical expenses; $50,888.20 for past lost income; and $2,790.00 for future medical expenses. The trial court declined to award damages to Turner for permanency, past loss of the ability to perform everyday activities and to enjoy life, for future pain and mental *Page 9 
anguish, for future loss of ability to perform everyday activities and to enjoy life, and for bad faith.
 {¶ 28} As a first matter, pursuant to App. R. 12(B), we correct a mathematical error by the trial court in the calculation of the damages found in Paragraphs 28-32 of the July 10, 2007 judgment entry. In Paragraph 28, the trial court awarded Turner damages for: (A) $16,040.00 for past pain and mental anguish; (B) $11,418.16 for past medical expenses; (C) $50,888.20 for past lost income; and (D) $2,790.00 for future medical expenses. In paragraph 29, the trial court calculates the damages as $81,136.35. The total damages should be $81,136.36. In paragraph 32, the trial court credits Turner the $25,000 already paid by the tortfeasor. The trial court then finds Turner's damages against Progressive to be $58,926.36. We find this to be an arithmetical error. The amount in Paragraph 32 should be $56,136.36.
 {¶ 29} Progressive argues the trial court committed reversible error when it awarded Turner damages based on inadequate and inadmissible evidence. It states that the award was in error because Turner testified on his own behalf and offered no proper evidentiary support for his claimed damages.
 {¶ 30} Turner argues, on the other hand, the trial court erred in not awarding Turner damages for permanency, past loss of the ability to perform everyday activities and to enjoy life, for future pain and mental anguish, for future loss of ability to perform everyday activities and to enjoy life, and for bad faith.
 {¶ 31} A reviewing court will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion.Kaufman v. Byers, 159 Ohio App.3d 238, 823 N.E. 2d 520, 2004-Ohio-6346, at ¶ 37. In order to find abuse of *Page 10 
discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 32} Upon review of the record and the evidence presented, we find the trial court abused its discretion in awarding damages in only one regard. Turner testified as to his understanding for his need for future treatment. (T. 17). He stated that his physician, Dr. Cass, told him that he would need continuous treatment for his back and neck injuries caused by the accident because he has a permanent partial impairment. Id. Turner submitted as an exhibit a report from Dr. Cass reiterating the same course of future treatment. The expense for such treatment was calculated by Turner to be $2,790.00. The trial court awarded Turner that amount as future medical expenses in its judgment entry. (Judgment Entry, July 10, 2007, Para. 28).
 {¶ 33} It has been held that in Ohio, in order to establish future medical expenses, a plaintiff is required to provide the testimony of expert witnesses. Deskins v. Cunningham, 3rd Dist. No. 14-05-29, 2006-Ohio-2003, ¶ 36, citing Day v. Gulley (1963),175 Ohio St. 83, 86-87, 191 N.E.2d 732. In the present case, Turner personally testified as to his future medical treatment and expenses. There was no expert testimony as to his future medical treatment and expenses. We find it was an abuse of discretion for the trial court to award Turner damages for his future medical expenses without the testimony of an expert witness verifying the same. We hereby reduce the trial court's determination of damages by $2,790.00 pursuant to App. R. 12(B).
 {¶ 34} This same analysis may be applied to Turner's argument regarding the trial court's failure to award damages for permanency. Again, the only testimony *Page 11 
presented on this issue was Turner's. The trial court did not abuse its discretion in failing to award damages for permanency due to a lack of admissible evidence on that issue.
 {¶ 35} As to Turner's past medical expenses for the treatment of his injuries because of the accident, we find the trial court's determination of damages was not an abuse of discretion. Turner was qualified to testify as to his injuries and his medical treatment. It is unnecessary to have an expert testify as to the necessity of the medical expense. Rodriguez v. Frankenmuth Ins. Co. (C.A. 6, 1990), 920 F.2d 933. The Ohio Supreme Court has held that, "Proof of the amount paid or the amount of the bill rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services. (DeTunno v. Shull,166 Ohio St. 365 [2 O.O.2d 281], modified.)" Wagner v. McDaniels (1984),9 Ohio St.3d 184, 459 N.E.2d 261, paragraph one of syllabus. Progressive may then rebut the prima facie evidence of necessity and reasonableness.Coleman v. Drayton (Mar. 24, 1994), 10th Dist. No. 93APE10-1402.
 {¶ 36} Upon review of Turner's remaining arguments of the trial court's failure to award damages, we find the record supports the trial court's decision to decline to award damages for past loss of the ability to perform everyday activities and to enjoy life, for future pain and mental anguish, and for future loss of ability to perform everyday activities and to enjoy life.
 {¶ 37} Progressive's second Assignment of Error is overruled in part and granted in part as we hereby eliminate the trial court's award of future medical expenses to *Page 12 
Turner in the amount of $2,790.00. Turner's first cross-Assignment of Error is overruled.
 Cross-Appeal II. {¶ 38} Turner argues the trial court erred when it found Progressive did not act in bad faith and failed to award damages for that claim. As stated above, because we found Progressive was not entitled to relief from judgment and therefore did not file an answer in this matter, Progressive is deemed to have admitted the averments in Turner's complaint regarding bad faith. Even with this admission, however, the responsibility remains with Turner to prove his damages on his claim of bad faith.
 {¶ 39} The trial court found that Turner argued Progressive's bad faith occurred when Progressive denied Turner's UIM claim on March 5, 2007. It then found that because Turner did not recover the settlement from the tortfeasor until April 2007, Progressive was not responsible to provide UIM coverage until settlement with the tortfeasor and a determination is made that the tortfeasor's coverage is insufficient to compensate for Turner's damages. Because default judgment was granted on April 19, 2007, the trial court did not award damages for bad faith. (Judgment Entry, July 10, 2007).
 {¶ 40} Upon review of the record of the damages hearing, we cannot say the trial court abused its discretion in failing to award Turner damages on his claim of bad faith against Progressive. The trial court's findings were not unreasonable based upon the evidence before it.
 {¶ 41} Turner's second Cross-Assignment of Error is therefore overruled. *Page 13 
 {¶ 42} The judgment of the Holmes County Court of Common Pleas is affirmed in part and reversed in part, with final judgment entered pursuant to App. R. 12(B) as to the following:
 {¶ 43} (1) The trial court's calculation of Turner's damages in Paragraph 29 of the trial court's judgment entry issued July 10, 2007 should be $81,136.36;
 {¶ 44} (2) The trial court's calculation of Turner's damages in Paragraph 32 of the trial court's judgment entry issued July 10, 2007 should be $56,136.36;
 {¶ 45} (3) and based upon our findings in this matter, this Court reduces Turner's final award by $2,790.00.
By: Delaney, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Holmes County Court of Common Pleas is affirmed in part, reversed in part and final judgment entered pursuant to App. R. 12(B) as to the following:
(1) The trial court's calculation of Turner's damages in Paragraph 29 of the trial court's judgment entry issued July 10, 2007 should be $81,136.36;
(2) The trial court's calculation of Turner's damages in Paragraph 32 of the trial court's judgment entry issued July 10, 2007 should be $56,136.36;
(3) and based upon our findings in this matter, this Court reduces Turner's final award by $2,790.00.
 Costs assessed to be split between Appellant and Appellee. *Page 1