[Cite as *Harris v. Burgess*, 2011-Ohio-1506.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CHRISTOPHER HARRIS | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Petitioner-Appellant | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JOHANNA BURGESS | : | Case No. 10-CA-13 |
| | : | |
| Petitioner-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas,
                              Case No. 2004DS00291

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 24, 2011

APPEARANCES:

For Petitioner-Appellant          For Petitioner-Appellee

CHRISTOPHER HARRIS, PRO SE        NICKOLAS K. MCCOY
104 Georges Creek Drive           420 East Main Street
Pickerington, OH  43147           Lancaster, OH  43130

*Farmer, J.*

{¶1} On October 26, 2004, appellant, Christopher Harris, and appellee, Johanna Burgess, were granted a dissolution. Four children were born as issue of the marriage. Appellant was named residential parent of the children. No formal child support order was issued.

{¶2} On May 22, 2007, appellee was deemed residential parent of the children. Appellant was ordered to pay appellee child support in the amount of $1,049.72 per month.

{¶3} On July 27, 2009, appellant became the permanent residential parent of the parties' oldest child.

{¶4} On October 1, 2009, appellant requested an administrative review of child support by the Perry County Child Support Enforcement Agency (hereinafter "PCCSEA"). A hearing was held on December 16, 2009. By report filed December 17, 2009, the PCCSEA recommended that appellant's child support obligation be lowered to $906.13 per month with private health insurance being provided, or $866.59 per month when private health insurance was not being provided plus $198.76 per month for cash medical support.

{¶5} On January 4, 2010, the PCCSEA asked the trial court to adopt the recommendation. Two days later, appellee filed a request for a hearing on the recommendations. A hearing before a magistrate was held on April 30, 2010. By decision filed May 25, 2010, the magistrate increased PCCSEA's recommendation to $981.16 per month with private health insurance being provided, or $940.20 per month when private health insurance was not being provided plus $198.72 per month for cash

medical support.  Objections were not filed.  The trial court approved and adopted the magistrate's decision.

{¶6}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}  "THE TRIAL COURT ABUSED DISCRETION AND ERRED IN INCLUSION OF ADDITIONAL CHILD CARE EXPENSES FOR APPELLEE, WHICH SEVERELY PREJUDICED APPELLANT."

II

{¶8}  "THE TRIAL COURT ABUSED DISCRETION THROUGH USE OF PROPERLY EXCLUDED/UNADMITTED EVIDENCE."

III

{¶9}  "ALTERING PCSEA'S FINDING FOR CHILD CARE EXPENSES WAS AGAINST MANIFEST WEIGHT OF THE EVIDENCE."

IV

{¶10}  "ASSESSING COURT COSTS TO APPELLEE INEQUITABLE/ABUSE OF DISCRETION."

{¶11}  At the outset, we find objections to the magistrate's report were not filed pursuant to Civ.R. 53(D)(3)(b).  Normally, this failure would result in a presumption of regularity of the proceedings under *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197; however, we note in the magistrate's decision wherein the warning on the need to file objections was set forth, the incorrect civil rule was cited:

{¶12} "A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW IN THIS DECISION UNLESS THE PARTY TIMELY AND SPECIFICALLY OBJECTS TO THE FINDING OR CONCLUSION AS REQUIRED BY CIV.R.53(E)(3)."

{¶13} Under the rule in effect on May 25, 2010, there was no longer a subsection (E)(3). We conclude the warning and notice were ineffective, and we will review the assignments of error despite the failure to file objections.

I

{¶14} Appellant claims the trial court erred in considering appellee's child care expenses and as a result, he was severely prejudiced. It appears appellant's issue under this assignment centers on the trial court's denial of his continuance request just prior to the hearing.

{¶15} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger* (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶16} Pursuant to a final hearing order filed January 11, 2010, the trial court set the hearing for April 30, 2010, and listed the discovery cut-off date as "30 days prior to trial." During the discussion on the continuance request, appellant admitted that he served appellee with interrogatories and document requests on March 29 and 30, 2010. T. at 5. Appellant began his discovery request when discovery should have already been completed.

{¶17} We note as early as the December 17, 2009 administrative recommendations, appellant was aware of the child care expenses issue. The failure to propound timely interrogatories and document requests was clearly an error by appellant.

{¶18} The magistrate addressed appellant's request and denied same:

{¶19} "MAGISTRATE BOLYARD: ***Mr. Harris, I'm not going to grant a continuance based on your discovery request because discovery should have been completed at the time you first sent it out. It should have already been completed." T. at 11-12.

{¶20} Upon review, we find this decision was not an abuse of discretion.

{¶21} Assignment of Error I is denied.

II

{¶22} Appellant claims the decision was based on properly excluded, unadmitted evidence. We disagree.

{¶23} Appellant argues the magistrate's finding at No. 6, "Ms. Burgess has child care expenses in the amount of $60.00 per week and $200.00 per week for five weeks in the summer" was based upon excluded and inadmissible evidence.

{¶24} During the hearing, the magistrate specifically asked appellee the amount of her child care expenses:

{¶25} "MAGISTRATE BOLYARD: What are your child care expenses?

{¶26} "MS. BURGESS: Right now we pay $60 a week, and it will be $200 a week during the summer for five weeks." T. at 63.

{¶27} The magistrate did not permit any documentation on the issue because of a discovery violation.  T. at 67.

{¶28} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison* (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page."  *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶29} From the magistrate's findings, it is clear that the magistrate believed appellee's statement regardless of the lack of documentation.

{¶30} Upon review, we conclude there is direct evidence in the record by appellee of her child care expenses, and the findings were based upon that direct testimony.  There is no indication that any documentation was considered by the magistrate.

{¶31} Assignment of Error II is denied.

III

{¶32} Appellant claims the decision to alter PCCSEA's recommendations for child care expenses was against the manifest weight of the evidence.  We disagree.

{¶33} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence.  *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279.  A reviewing court must not substitute its judgment for that of the trial court where there exists some competent

and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶34} As we addressed in Assignment of Error II, appellee's direct testimony established what her child care expenses were and would be in the summer. On the trial court's worksheet, child care expenses assigned to appellee were $2,979.60 as opposed to $1,150.07 on the PCCSEA's worksheet. This change in computation resulted in increased child support. Admittedly, this was an increase from the administrative recommendations issued some four months prior to the magistrate's hearing.

{¶35} The additional child care expense for four children resulted in a net increase of $75.03 with health insurance per month, or $73.61 without health insurance per month.

{¶36} Upon review, we find competent credible evidence to support the magistrate's/trial court's decision.

{¶37} Assignment of Error III is denied.

IV

{¶38} Appellant claims the trial court erred in accessing court costs to him. We disagree.

{¶39} The assessment of costs is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Taylor v. McCullough Hyde Memorial Hospital* (1996), 116 Ohio App.3d 595; *Blakemore.*

{¶40}  We note appellant requested the administrative review hearing.  In the appellate rules, the loser is responsible for court costs.  See, App.R. 24.  Once having lost, it was appellant's burden to pay the court costs.

{¶41}  Upon review, we find no abuse of discretion by the trial court in assessing court costs to appellant.

{¶42}  Assignment of Error IV is denied.

{¶43}  The judgment of the Court of Common Pleas of Perry County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ Patricia A. Delaney_____

JUDGES

SGF/sg 224

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT


CHRISTOPHER HARRIS                    :
                                      :
    Petitioner-Appellant           :
                                      :
-vs-                                  :              JUDGMENT ENTRY
                                      :
JOHANNA BURGESS                       :
                                      :
    Petitioner-Appellee            :              CASE NO. 10-CA-13


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio is affirmed. Costs to appellant.


                                          s/ Sheila G. Farmer_____


                                          s/ William B. Hoffman_____


                                          s/ Patricia A. Delaney_____

                                                JUDGES