[Cite as *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 2020-Ohio-2814.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF FORCLOSURE OF LIENS FOR DELINQUENT LAND TAXES BY ACTION IN REM, TREASURER OF GUERNSEY COUNTY, OHIO | : : : : : : | JUDGES: Hon. William B. Hoffman, P.J. Hon. W. Scott Gwin, J. Hon. Patricia A. Delaney, J. |
| Appellant-Cross-Appellee | : : | Case Nos. 19CA00045 19CA00046 |
| -vs- | : : | 19CA00051 19CA00052 : |
| PARCELS OF LAND ENCUMBERED WITH DELINQUENT TAX LIENS (RE: JACK BONNELL, ET AL) | : : | OPINION |
| Appellee-Cross Appellant | | |

CHARACTER OF PROCEEDING:     Civil appeal from the Guernsey County Court of Common Pleas, Case Nos. 17CV000519 and CV000521

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 5, 2020

APPEARANCES:

For Appellant-Cross Appellee

JAMES R. SKELTON
Assistant Prosecutor
Guernsey County
627 Wheeling Avenue
Cambridge, OH 43725

For Appellee-Cross Appellant

C. KEITH PLUMMER
139 West 8th
Box 640
Cambridge, OH 43725

*Gwin, J.,*

{¶1} Appellant/cross-appellee James A. Caldwell, Treasurer of Guernsey County, Ohio, and appellee/cross-appellant Jack Bonnell appeal the November 14, 2019 judgment entry of the Guernsey County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On September 22, 2017, appellant/cross-appellee James A. Caldwell, Treasurer of Guernsey County, Ohio ("Treasurer") filed two separate foreclosure complaints against appellee/cross-appellant Jack Bonnell ("Bonnell") with regards to two separate parcels of land, one located at 1159 Steubenville Avenue in Cambridge, Ohio, and the other located at 601 Foster Avenue in Cambridge, Ohio. The Treasurer avers in his complaint that delinquent land certificates were filed by the Auditor of Guernsey County on each parcel and the State of Ohio has the first and best lien on each property for delinquent and current real estate taxes and assessments. Bonnell filed an answer in each case on October 19, 2017.

{¶3} After obtaining leave of court, the Treasurer filed an amended complaint in each case on April 27, 2018. Bonnell filed answers to the amended complaints on June 13, 2018. Bonnell also filed a third-party complaint in each case against the City of Cambridge ("Cambridge"). Bonnell's third-party complaints aver a portion of the real estate taxes alleged to be due to the Treasurer are a result of liens placed upon the property by Cambridge and Cambridge failed to provide proper notice to Bonnell; thus, Cambridge had no authority to place the liens on the properties. Bonnell sought a declaratory judgment deleting the liens of Cambridge from the tax duplicate.

{¶4} The Treasurer filed a motion for summary judgment in each case on June 18, 2018. The Treasurer attached to the motions his own affidavit. Caldwell avers as follows: he is the Treasurer of Guernsey County; he has been in direct supervision of all payments received in respect to the taxes due on parcels 06-0005177.000 and 06-0006409.000; the records show the taxes are delinquent for parcel number 06-0005177.000 in the amount of $12,544.94 and parcel number 06-0006409.000 in the amount of $5,144.53, and have been delinquent for more than one year; the parcels have been listed on the delinquent tax parcel list; and demand for payment of said taxes has been made.

{¶5} Bonnell filed memoranda in opposition to the motions for summary judgment on July 3, 2018. Attached to each of the memorandums in opposition is the affidavit of Bonnell. Bonnell avers as follows: he disputes the amount of taxes that are claimed to be due and owing; a significant portion of the taxes alleged to be owed are the result of liens placed upon his properties by Cambridge; the documents from Cambridge do not indicate he was given notice regarding the liens placed on his properties for mowing; he attempted to pay his taxes but was advised the taxes would first be applied to the liens he believes were unlawfully placed upon his property without notice; he believes there is a genuine issue of material fact regarding the amount of taxes due and owing; and attorney fees should not be awarded because there is no statutory basis for such an award.

{¶6} The trial court denied the Treasurer's motion for summary judgment on November 28, 2018. On December 21, 2018, the Treasurer filed a motion to compel, asking the trial court to compel Bonnell to provide his tax returns. The Treasurer argued

since the properties in question are rental properties, Bonnell's tax returns would show whether Bonnell used the taxes at issue as deductions.  Bonnell filed a memorandum contra to the Treasurer's motion, arguing his tax returns are not relevant to these cases.

{¶7}    Cambridge filed an answer to Bonnell's complaint on February 11, 2019. On February 28, 2019, the Treasurer and Cambridge filed joint motions for summary judgment, seeking a judgment against Bonnell as defendant and third-party plaintiff. Attached to the motion for summary judgment in each case is the affidavit of Caldwell that was filed previously with the Treasurer's first motion for summary judgment.  Bonnell filed a memorandum contra to each of the motions for summary judgment on March 12, 2019. Attached is the affidavit of Bonnell that was previously filed with his first memorandum in opposition.

{¶8}    The trial court issued a judgment entry on April 16, 2019 granting the Treasurer's motion for summary judgment, but denying Cambridge's motion for summary judgment.

{¶9}    Bonnell filed a motion to redeem land on May 20, 2019, pursuant to R.C. 5721.25.  The trial court granted Bonnell's motion to redeem on June 3, 2019 and ordered the Treasurer to notify the court the amount upon which Bonnell may redeem the property.

{¶10}  On June 7, 2019, the Treasurer filed a notice of redemption amounts.  The redemption amount for the Steubenville Avenue property totaled $14,611.08, including: $7,233.52 in real estate tax, $4,894.56 in penalty and interest, an $832 assessment, $428.28 in penalty and interest, $900 in expenses, and $322.72 in courts costs.  The redemption amount for the Foster Avenue property totaled $6,864.93, including: $2,732.84 in real estate tax, $1,862.51 in penalty and interest, a $560.14 assessment, an

additional $425.73 in penalty and interest, $900 in expenses, and $383.71 in court costs. The Treasurer filed a memorandum in support of the redemption amounts in each case.

{¶11}   The trial court issued a judgment entry on June 28, 2019, stating the issue of the assessment and penalties of Cambridge would be determined at a trial in July of 2019.   The trial court further stated that Bonnell objected to the imposition of separate court costs in each case and objected to the assessments for title search and related fees in the amount of $900 for each parcel.   The trial court noted the Guernsey County Clerk of Courts requested foreclosure actions involving multiple tracts of real estate be separated by case number to make it easier for a title examiner and other court officials to determine which tract is being sold and which costs, expenses, and liens are associated with each parcel.   The trial court ordered the redemption amount in each case to include court costs.   The trial court's rationale for imposing court costs was the significant delay of Bonnell's payment of real estate taxes.   The trial court additionally ordered the redemption amount in each case to include $900 of fees and expenses, and adopted by reference the rationale contained in the Treasurer's memorandum in support of the redemption amounts.

{¶12}   After a status conference with the parties, the trial court issued an entry on July 30, 2019, stating Cambridge would be withdrawing their assessments, interest, and penalties and thus Bonnell's claim against Cambridge would be dismissed.   Cambridge notified the trial court via letter that it sought to withdraw and dismiss their assessment, interest, and penalty on both the Steubenville and Foster Avenue properties.

{¶13}   The trial court held an evidentiary hearing on Bonnell's motion to redeem on November 1, 2019.

{¶14} The trial court issued a judgment entry on November 6, 2019, stating it took testimony and exhibits on November 1, 2019 on Bonnell's motion to redeem. The trial court ordered the Treasurer to submit a breakdown separating the penalties and interest owed each year in the two cases. The Treasurer filed the breakdown on November 12, 2019. On the Steubenville Avenue property, the Treasurer listed the penalty amount and interest amount each year from 1997 to 2018, for a total of $1,108.88 in penalties and $4,110.72 in interest. On the Foster Avenue property, the Treasurer listed the penalty amount and interest amount each year from 2000 to 2018, for a total of $442.38 in penalties and $1,569.33 in interest.

{¶15} On November 14, 2019, the trial court issued a final judgment entry on Bonnell's motion to redeem. The trial court issued the following findings of fact: Bonnell is the owner of the real estate at 1159 Steubenville Avenue and 601 Foster Avenue, both in Cambridge, Ohio; Bonnell was previously sued by the Guernsey County Treasurer for the delinquent real estate taxes and assessments on some of the same property that is the subject matter of these actions and the case was resolved in August of 2001; the testimony of Bonnie Jones, Deputy Auditor for Guernsey County, was that Cambridge placed assessments on the Steubenville property in 2001, 2002, 2014, and 2016; Jones testified Cambridge placed assessments on the Foster Avenue property in 2002, 2004, 2010, and 2015; all payments to the County Treasurer must first be applied to outstanding assessments before being applied to the taxes at issue; Cambridge was made a party to this action via a third-party complaint filed by Bonnell; pursuant to an agreement reached on the evening of trial, Cambridge released all of the lien assessments, including any interest and penalty that may have accrued on the real estate; Cambridge did not produce

any notice to Bonnell with regard to mowing assessments; Bonnell testified he is ready, willing, and able to pay the real estate taxes owed on the properties, but did not believe he should be required to pay any assessments, interest, or penalties in the matter; Bonnell was placed in a legal quandary by the assessments being placed on the property for which he contests; for Bonnell to wait approximately 15 years before raising these issues is not acceptable; the issue before the court is a motion to redeem pursuant to R.C. 5721.25, and the court may determine an appropriate amount to redeem the land in question; and the Treasurer filed a breakdown of the penalty and interest for the real estate in this matter.

{¶16}  The trial court cited R.C. 5721.25 and concluded that with the removal of the assessments by Cambridge, Bonnell should not be required to pay the penalties, but should pay interest in light of the significant delay in bringing the matter to the trial court's attention of approximately fifteen years.  As to the Steubenville Avenue property, the trial court found the redemption amount to be as follows:  $7,233.52 in real estate taxes, $4,110.72 in interest, $90.00 for the Muskingum Watershed assessment, and $55.41 in interest on the Muskingum Watershed penalty and interest, for a total of $11,489.65.  With regards to the Foster Avenue property, the trial court found the redemption amount to be: $2,732.84 in real estate taxes, $1,569.33 in interest, $90.00 for the Muskingum Watershed assessment, and $55.41 on the Muskingum Watershed penalty and interest, for a total of $4,447.58.  In both cases, the trial court ordered that the penalties be removed from the above tracts of real estate if Bonnell redeems the property within twenty-one (21) days from the date of the judgment entry, and the failure of Bonnell to redeem the property within twenty-one (21) days shall result in the penalty remaining.

Additionally, the trial court ordered Bonnell to pay the court costs in each case, together with $900.00 of fees and expenses paid to the Guernsey County Treasurer/Guernsey County Prosecutor in each case, as previously ordered by the court.

{¶17}  Bonnell appeals the November 14, 2019 judgment entry of the Guernsey County Court of Common Pleas with respect to each parcel of land and assigns the following as error in each case:

{¶18} "THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING PLAINTIFF-APPELLANT TO PAY COURT COSTS AND ATTORNEY'S FEES AND COSTS FOR THE GUERNSEY COUNTY TREASURER AND GUERNSEY COUNTY PROSECUTOR IN THE TAX FORECLOSURE MATTER.

{¶19} "II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING PLAINTIFF-APPELLANT TO PAY INTEREST ON THE DELINQUENT TAXES BECAUSE THE CITY OF CAMBRIDGE FAILED TO PROVIDE NOTICE OF THE LIENS PLACED ON PLAINTIFF-APPELLANT'S PARCELS THAT IS THE SUBJECT OF THIS ACTION."

{¶20}  The Treasurer also appeals the November 14, 2019 judgment entry of the Guernsey County Court of Common Pleas with respect to each parcel of land and assigns the following as error in each case:

{¶21}  "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED TAXES, PENALTIES, INTEREST, AND COSTS AND THEN REVISED ITS ORDER, THEREFORE, WAIVING ALL PENALTIES AND FEES.

{¶22} "II. THE TRIAL COURT ERRED BY REVERSING ITS OWN ENTRY DATED JUNE 28, 2019 WHERE IT ORDERED APPELLEE TO PAY PENALTIES AFTER THE EVIDENTIARY HEARING IN ITS ENTRY DATED NOVEMBER 12, 2019.

{¶23} "III. THE TRIAL COURT ERRED WHEN IT GRANTED THE MOTION FOR PROTECTIVE ORDER DENYING ACCESS TO APPELLEE'S TAX RETURNS."

*Bonnell's Appeals*

I.

{¶24} In Bonnell's first assignment of error, he argues the trial court abused its discretion by ordering him to pay court costs and fees and costs for the Guernsey County Treasurer and Guernsey County Prosecutor.

{¶25} With respect to court costs, Bonnell contends the trial court erred by ordering him to pay court costs separately in each case because it was the Treasurer's decision to file the cases separately rather than together, which doubled his court costs.

{¶26} R.C. 5721.18(A) provides that in foreclosure proceedings on a lien of the state, "the treasurer may join in one action any number of lots or lands, but the decree shall be rendered separately, and any proceedings may be severed, in the discretion of the court or board of revision, for the purpose of trial or appeal, and the court * * * shall make such order for the payment of costs as is considered proper."  Thus, the assessment of costs is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Harris v. Burgess*, 5th Dist. Perry No. 10-CA-13, 2011-Ohio-1506.  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶27} We find the trial court's assessment of court costs in each case was not unreasonable, arbitrary, or unconscionable. In its assessment of court costs in each of the two cases, the trial court stated the Guernsey County Clerk of Courts requested foreclosure actions involving multiple tracts of real estate be separated by case number to make it easier for a title examiner and other court officials to determine which tract is being sold and which costs, expenses, and liens are associated with each parcel. See *In the Matter of Foreclosure of Liens for Delinquent Land Taxes by Action in Rem, Treasurer of Guernsey County, Ohio v. Parcels of Land Encumbered with Delinquent Tax Liens*, 5th Dist. Guernsey No. 19CA000019, 2019-Ohio-4642; see also *Cornett v. Ray*, 12th Dist. Warren No. CA85-12-091, 1986 WL 9709 (stating "in the redemption section of this chapter, R.C. 5721.25, there is a clear statement that court costs are a proper first consideration where a redemption occurs during tax foreclosure proceedings").

{¶28} Bonnell also argues the trial court abused its discretion by ordering him to pay attorney fees and expenses to the Treasurer and Prosecutor. Bonnell cites an Attorney General Opinion from 2014 and argues it is improper for the prosecutor and treasurer to charge legal fees because it is the job of the county treasurer and the treasurer's counsel to collect delinquent real estate taxes. In the document cited by Bonnell, the Ohio Attorney General opines that a prosecuting attorney may not charge a fee to recover legal costs incurred in delinquent real estate tax foreclosure proceedings initiated pursuant to R.C. 5721.14 or R.C. 5721.18. 2014 Ohio Atty.Gen.Ops. No. 2014-020.

{¶29} We do not read the opinion by the Attorney General to automatically require that the trial court deny the Treasurer's $900 fee and expense request. We first note that

the opinion by the Ohio Attorney General specifically states, "this opinion does not discuss foreclosure proceedings under R.C. 323.25 or R.C. 323.65-7."  Though the complaint in this case does not specifically state under which section the foreclosure is brought, pursuant to the language contained in the Ohio Revised Code, the Treasurer can commence tax foreclosure actions in accordance with either or both R.C. 323.25 and R.C. 5721.18.  Under either R.C. 5721.25 or R.C. 323.25, Bonnell is entitled to file a motion to redeem in order to have the trial court determine the amount required for redemption of the property.

{¶30}  Additionally, the decision the trial court rendered in this case was upon Bonnell's motion to redeem.  R.C. 5721.25 and R.C. 323.25 both state that the "costs incurred" may be included in the redemption amount.  The opinion by the attorney general states, "in proceedings * * * pursuant to R.C. 5721.25, the court calculates the amount of costs that are to be recouped either from the person redeeming the property" and "[b]ecause R.C. Chapter 5721 does not indicate what the term "costs" includes, it is left to the discretion of the trial court."  *Id.*  As explained by the attorney general, what constitutes "costs" is up to the court to decide, and has previously included advertising costs and costs for publishing notice.  *Id.*  The opinion also states, "certain statutes are also relevant to what might be considered a cost in a tax lien foreclosure proceeding under R.C. Chapter 5721" and include the cost of an abstract or certificate of title to the property (R.C. 5721.10) and the legal fees and costs for making and executing the deed (R.C. 311.17).  *Id.*

{¶31}  Bonnell also argues that the trial court abused its discretion in awarding the Treasurer $900 of fees, expenses, and costs in each case, as the trial court did not

provide a description or breakdown of the $900.  We disagree.  In its judgment entry overruling Bonnell's objection to the $900 being included in the redemption amount, the trial court stated it adopted by reference the rationale as contained in the Treasurer's memorandum in support of the redemption amounts.  In the memorandum in support, the Treasurer states $300 was for private attorney William Bennett to conduct a title search, $300 was for expenses of the prosecutor's office, and $300 was for expenses of the treasurer's office.  We do not find the inclusion of these costs and expenses in the redemption amount to be arbitrary, unreasonable, or unconscionable.

{¶32}  This Court cannot discern whether the parties or the trial court further discussed the $900 costs, fees, or expenses at the November evidentiary hearing, because neither party filed a transcript of the evidentiary hearing.  It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume the regularity of the proceedings and affirm.  *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶33}  Bonnell's first assignment of error is overruled.

II.

{¶34}  In Bonnell's second assignment of error, he argues the trial court abused its discretion by ordering him to pay interest on the delinquent taxes because Cambridge failed to provide notice of the liens placed on Bonnell's parcels.  Bonnell contends since Cambridge released the liens and associated penalties, the interest should also be released and not included in the redemption amount because interest only accrued because of the improper liens on the properties.

{¶35}  R.C. 5721.25 provides as follows:

After a foreclosure proceeding has been instituted under Chapter 323 or this chapter of the Revised Code with respect to delinquent land, but before the filing of an entry of confirmation of sale pursuant to the proceeding * * * any person entitled to redeem the land may do so by tendering to the county treasurer an amount sufficient, as determined by the court, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in any proceeding instituted against such land under Chapter 323 or this chapter of the Revised Code * * *.

{¶36}  Similarly, R.C. 323.25 provides:

After the civil action has been instituted, but before the expiration of the applicable redemption period, any person entitled to redeem the land may do so by tendering to the county treasurer an amount sufficient, as determined by the court or board of revision, to pay the taxes, assessments, penalties, interest, and charges then due and unpaid, and the costs incurred in the civil action * * *

{¶37}  Thus, pursuant to both Chapter 323 and Chapter 5721 of the Revised Code, the trial court has the discretion to determine the amount that is sufficient for redemption of the property.  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶38}  Upon review of the trial court's judgment entry, we find the trial court did not abuse its discretion.  The trial court cited to R.C. 5721.25 and found that while Bonnell was placed in a legal quandary when he sought to contest the assessments placed on

the properties, it was not reasonable or acceptable for Bonnell to wait approximately fifteen years to bring the issue to the trial court's attention and fail to pay his taxes during that period of time. The trial court ordered the Treasurer to provide the specific amount of interest of each property, separated from the penalty amount in each case. The trial court then utilized the interest amount provided by the Treasurer in its redemption amount. We find the trial court's rationale for including the interest in the redemption amount is not arbitrary, unreasonable, or unconscionable.

{¶39} Bonnell cites to his testimony at the evidentiary hearing that he offered to pay his taxes on several occasions, but disputed the Cambridge liens, for the proposition that the trial court abused its discretion in ordering him to pay interest on the delinquent taxes. However, Bonnell did not file a transcript of the evidentiary hearing. It is well settled that when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Without such a transcript, we must presume the trial court was correct in its findings.

{¶40} Bonnell's second assignment of error is overruled.

*Treasurer's Assignments of Error*

I.

{¶41} In the Treasurer's first assignment of error, the Treasurer contends the trial court abused its discretion when it did not include penalties in the redemption amount, as the trial court did not explain its reasoning, or have the statutory authority to do so.

{¶42} As discussed above, the issue in this case is Bonnell's motion to redeem and, pursuant to R.C. 5721.25 and R.C. 323.25, the trial court has the authority and

discretion to determine the amount that is sufficient for redemption of each property.  The trial court explained its reasoning for not including the requested penalties by the Treasurer in the redemption amount, but including the requested interest by the Treasurer in the redemption amount in its judgment entry, stating that while Bonnell was placed in a legal quandary by the assessments being placed on the property that he contested, for Bonnell to wait fifteen years to raise these issues and pay his taxes is not acceptable. We find the rationale and explanation by the trial court as to why it did not include the penalties in the redemption amount in each case is not arbitrary, unconscionable, or unreasonable.

{¶43}  The Treasurer states that because the certificate or master list filed by the auditor with the prosecuting attorney is prima facie evidence of the amount and validity of the taxes, assessments, charges, penalties, and interest appearing due and unpaid on each parcel pursuant to R.C. 5721.18(B)(3), the trial court abused its discretion in failing to include the penalties in the redemption amounts.  While the statute does state the tax certificate or master list is prima facie evidence of the amount and validity of the amount due and unpaid on the parcel, Bonnell may rebut the prima facie evidence of the amount due and unpaid.  See *Turner v. Progressive Ins. Co.*, 5th Dist. Holmes No. 2007 CA 015, 2008-Ohio-4988.  Ultimately, it is left to the discretion of the trial court to determine the redemption amount, taking into consideration the prima facie evidence and rebuttal evidence.  R.C. 5721.25.  Though the Treasurer cites portions of the testimony at the evidentiary hearing, the Treasurer did not file a transcript of the evidentiary hearing.  Thus, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶44} The Treasurer also argues the trial court does not have the authority to waive the fees the Treasurer is entitled to. However, upon our review of the judgment entry by the trial court, the only amount not included in the redemption amount that was requested by the Treasurer was the penalty amount. The trial court included in the redemption amount in each case the fees and expenses requested by the Treasurer ($900), along with the back taxes, interest, watershed assessment, and watershed penalties.

{¶45} The Treasurer's first assignment of error is overruled.

II.

{¶46} In his second assignment of error, the Treasurer argues the trial court erred by reversing its June 28th judgment entry with its subsequent November entry determining the redemption amount. We disagree.

{¶47} In the June entry, the trial court specifically ordered the redemption amount to include court costs and $900 in fees and expenses for title searches and related fees, as requested by the Treasurer in his memorandum in support of the redemption amounts and objected to by Bonnell. However, in the June entry, the trial court did not determine a final redemption amount for either parcel and did not determine the amount of interest and/or penalties to be included in the final redemption amount for each parcel. Thus, the trial court did not reverse its June entry in its November entry. The Treasurer's second assignment of error is overruled.

III.

{¶48} In his third assignment of error, the Treasurer contends the trial court erred when it granted the motion for protective order and denied his Treasurer's motion to

compel Bonnell to produce his tax returns.  The Treasurer argues Bonnell's tax returns were material to this case because, since the properties at issue are rental properties, Bonnell's tax returns would show how much he claimed as a tax write-off, and thus would prove the rightful amount owed to the Treasurer.

{¶49}  In the regulation of discovery, the trial court has discretionary power, and its decision to grant or deny a protective order under Civil Rule 26(C) will not be disturbed absent an abuse of discretion.  *Northeast Professional Home Care, Inc. v. Advantage Home Health Servs., Inc.*, 5th Dist. Stark No. 2009-CA-00180, 2010-Ohio-1640.  A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶50}  We find the trial court's granting of the motion for protective order was not unreasonable, arbitrary, or unconscionable.  As detailed above, when deciding a motion to redeem, the trial court has the discretion to determine the amount Bonnell must pay to redeem each property.  The Treasurer offered a memorandum in support of the redemption amount and the parties presented evidence and testimony at the evidentiary hearing on the motion to redeem.  We find the trial court did not abuse its discretion in determining the tax returns of Bonnell were not relevant or necessary to determine the redemption amount.  The Treasurer's third assignment of error is overruled.

{¶51}  Based on the foregoing, Bonnell's assignments of error are overruled. Further, the Treasurer's assignments of error are overruled.

{¶52}   The November 14, 2019, judgment entry of the Guernsey County Court of Common Pleas is affirmed.


By Gwin, J., and

Delaney, J. concur;

Hoffman, P.J., concurs in part;

Dissents in part

*Hoffman, P.J., concurring in part and dissenting in part*

{¶53} I concur in the majority's analysis and disposition of both of the assignments of error of Appellee/Cross-Appellant Jack Bonnell, et al., in case numbers 19CA00051 and 19CA00052.

{¶54} I also concur in the majority's analysis and disposition of assignments of error two and three of Appellant/Cross-Appellee Treasurer of Guernsey County, in case numbers 19CA00045 and 19CA00046.  However, I respectfully dissent from the majority's analysis and disposition of the Guernsey County Treasurer's first assignment of error in those two appeals.  My reasons follow.

{¶55} While R.C. 5721.18(A) gives the trial court discretion as to the amount of costs to be assessed in the foreclosure proceeding initiated by a county treasurer, I disagree with the majority's conclusion that same discretion applies to the trial court's assessment of taxes, penalties, and interest due and unpaid pursuant to R.C. 5721.25 or R.C. 323.25.  While I believe both statutes provide the trial court discretion as to the assessment of court costs as specified in R.C. 5721.18(A), the penalties and interest set forth in the auditor's certificate or master list is prima facie evidence of the amount due as to those items.

{¶56} I agree with the majority pursuant to this Court's decision in *Progressive Ins. Co., 5th Distr. Holmes No. 2007 CA 015, 2008-Ohio-4988,* Bonnell may rebut the prima facie amount due and owing.  But Bonnell only contested the amount of the assessments by the City of Cambridge and the amounts of costs assessed by the trial court.  He did not contest the amount of the taxes, penalties, and interest, but rather offered an excuse for not paying taxes for over 15 years.  While I agree with the trial court this placed Bonnell

in a "legal quandary", it does not rebut the prima facie amount of the taxes, penalties and interest due as reflected on the auditor's certificate or mater list.

**{¶57}** Bonnell did exercise the appropriate action to escape his legal quandary by filing his third party complaint against the City of Cambridge.  His settlement of that complaint resulted in the removal by the trial court of the City of Cambridge's assessment from the amount of tax due.  It was Bonnell's decision to settle his complaint.  He could have pursued a claim against the City of Cambridge for the resultant penalties and interest assessed by the county treasurer, but he did not do so.  Such failure does not provide a legal justification for his failure to pay the taxes, penalties, and interest established by the auditor.  Proffering a reason for not paying is not the equivalent of challenging the amount otherwise due.[1]

**{¶58}** I would sustain the Guernsey County Treasurer's first assignment of error.

---

[1] Because Bonnell did not challenge the amount of taxes, penalties, and interest due, but only his reason for not timely paying them, I find a transcript of the hearing is not necessary for resolution of the legal issue presented.

**[Cite as *In re Foreclosure of Liens for Delinquent Land Taxes v. Parcels of Land Encumbered with Delinquent Tax Liens*, 2020-Ohio-2814.]**